Jamal WHATLEY, et al., Plaintiffs,

v.

DISTRICT OF COLUMBIA,
et al., Defendants.

Civ.A. No. 98–2961(PLF).

United States District Court,
District of Columbia.

July 9, 1999.

Diana M. Savit, Mendelsohn & Szymkowicz, Washington, DC, for plaintiffs.

Grace Perry–Gaiter, Assistant Corporation Counsel for the District of Columbia, Washington, DC, for defendants.

### MEMORANDUM OPINION AND ORDER

PAUL L. FRIEDMAN, Judge.

This case is before the Court on the plaintiffs' motion for the award of costs and fees pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. Upon consideration of plaintiffs' motion, defendants' opposition, and plaintiffs' reply, the Court will deny the motion.

Plaintiffs are minors who seek to enforce their rights under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400, *et seq.* Plaintiffs have sued the District of Columbia, and two employees of the District, Arlene Ackerman, Superintendent of Schools, and Joyce Armstrong, Director of the Special Education Division. The plaintiffs requested a waiver of service pursuant to Rule 4(d) of the Federal Rules of Civil Procedure from all defendants. None of the defendants waived service. The plaintiffs seek to recover costs and fees incurred for service of the complaint and for briefing and filing this motion.

Rule 4(d) of the Federal Rules of Civil Procedure allows parties to waive service requirements that would otherwise be required. Rule 4(d)(2) of the Federal Rules of Civil Procedure provides that:

[a]n individual, corporation, or association that is subject to service under subdivision

(e), (f), or (h) and that receives notice of action in the manner provided in this paragraph has a duty to avoid unnecessary costs of serving the summons.... If a defendant within the United States fails to comply with a request for waiver made by a plaintiff located within the United States, the court shall impose costs subsequently incurred in effecting the service on the defendant unless good cause for the failure be shown. ·

Plaintiffs argue that this provision entitles them to costs and fees. The District of Columbia is not subject to the requirements of Rule 4(d) of the Federal Rules of Civil Procedure, however, because it does not apply to municipal corporations.

The District of Columbia is subject to service of process under Rule 4(j) of the Federal Rules of Civil Procedure, which specifically governs service upon municipal corporations. Plaintiffs acknowledge that the District of Columbia is a municipal corporation. *See* Complaint ¶ 5. The Advisory Committee Notes to the 1993 Amendments to the Federal Rules of Civil Procedure state that "the waiver-of-service provision [of Rule 4(d) ] is ... inapplicable to actions against governments subject to service pursuant to [subdivision 4(j)]." *See* Rule 4(j), Fed.R.Civ.P. advisory committee's notes. Plaintiff therefore cannot recover the costs for service on the District.[1]

■   Plaintiffs also seek to recover costs and fees from the individual defendants, Arlene Ackerman and Joyce Armstrong, who have been sued in both their individual and official capacities. *See* Complaint ¶¶ 6, 7. Individuals ordinarily are subject to service pursuant to Rule 4(e) of the Federal Rules of Civil·Procedure and therefore are subject to the waiver of service requirements of Rule 4(d). The individual defendants argue that as employees of a municipal corporation they are subject to service under Rule 4(j)(2) of the Federal Rules of Civil Procedure rather than under Rule 4(e). Rule 4(j) of the Federal Rules of Civil Procedure, however, extends only to states, municipal corporations, or other government organizations. The Rule does not mention individuals, even those employed by a municipal corporation. Consequently, the individual defendants must be served pursuant to Rule 4(e) of the Federal Rules of Civil Procedure, which makes the waiver of service requirements in Rule 4(d)(2) of the Federal Rules of Civil Procedure applicable to them.

■   Under Rule 4(d)(2) of the Federal Rules of Civil Procedure "the court shall impose the costs subsequently incurred in effecting service unless good cause for the failure be shown." Rule (4)(d)(2), Fed. R.Civ.P. The Rule, by its terms, is mandatory absent a showing of good cause. The Court finds that there is good cause for the failure to waive service in this case because there appears to be no authority within this Circuit, or any other, that addresses waiver of service by employees of a municipal corporation. The individual defendants apparently believed that Rule 4(j)(2) of the Federal Rules of Civil Procedure governed service on them. This is not an unreasonable reliance, especially given the lack of case law regarding waiver of service by employees of municipal corporations. For the future, however, defendants are on notice that municipal government employees are subject to Rule 4(d)(2) of the Federal Rules of Civil Procedure when sued in both their individual and official capacities. While the lack of notice constitutes good cause in this case, it will not constitute good cause in the future. *Cf. Dong v. Smithsonian Inst.,* 943 F.Supp. 69, 73 (D.D.C.1996) (once appellate court specifically held "that the Smithsonian fits within the definition of 'agency' in FOIA ... the Defendant could no longer reasonably conclude that it was exempt...."). Accordingly, it is hereby

ORDERED that plaintiffs' motion for an award of costs and fees is DENIED; and it is

FURTHER ORDERED that the Corporation Counsel for the District of Columbia

---

1.  The plaintiffs argue that the District is collaterally estopped from asserting this defense. While the District did not contest similar motions in earlier cases, it is not prevented from doing so in this case. To allow the claim of collateral estoppel, taken to its logical extreme, would be the equivalent of precluding the District from ever raising this defense again in similar suits.

shall take steps to assure that both every member of her Office and the Superintendent of Schools and her staff are advised of this ruling. All departments and agencies of the District of Columbia government whom the Corporation Counsel represents are deemed also to be on notice. The Corporation Counsel may take whatever steps she deems appropriate to advise them.

SO ORDERED.