Raymond R. Aranza, Brown, Brown Law Firm, Omaha, NE, for Plaintiff.

Brenda D. Beadle, Douglas County Attorney's Office, Civil Division, Omaha, NE, for Defendants.

---

**Denise MOSLEY, Plaintiff,**

v.

**DOUGLAS COUNTY CORRECTIONAL CENTER, et al., Defendants.**

**No. 8:99CV78.**

United States District Court,
D. Nebraska.

April 18, 2000.

## ORDER

JAUDZEMIS, United States Magistrate Judge.

This matter is before the court on plaintiff's motions pursuant to Fed.R.Civ.P. 4(d) to impose costs on defendants McPhillips (# 44), Dempsey (# 46), and Taylor (# 48) for refusing to waive service of summons. Plaintiff's amended complaint states individual capacity claims against these defendants, based on adverse employment actions they took against plaintiff at the Douglas County Correctional Center. Defendants argue in

response that they are subject to service under Rule 4(j)(2) and the Rule 4 waiver of service provision does not apply to the claims filed against them. There appears to be no authority within the Eighth Circuit addressing this issue.

The issue was, however, discussed in *Whatley v. District of Columbia,* 188 F.R.D. 1, 1–2 (D.D.C.1999):

> Rule 4(d) of the Federal Rules of Civil Procedure allows parties to waive service requirements that would otherwise be required. Rule 4(d)(2) of the Federal Rules of Civil Procedure provides that:
>
> > [a]n individual, corporation, or association that is subject to service under subdivision (e), (f), or (h) and that receives notice of action in the manner provided in this paragraph has a duty to avoid unnecessary costs of serving the summons.... If a defendant within the United States fails to comply with a request for waiver made by a plaintiff located within the United States, the court shall impose costs subsequently incurred in effecting the service on the defendant unless good cause for the failure be shown.

Plaintiffs argue that this provision entitles them to costs and fees. The District of Columbia is not subject to the requirements of Rule 4(d) of the Federal Rules of Civil Procedure, however, because it does not apply to municipal corporations.

The District of Columbia is subject to service of process under Rule 4(j) of the Federal Rules of Civil Procedure, which specifically governs service upon municipal corporations. Plaintiffs acknowledge that the District of Columbia is a municipal corporation. See Complaint P 5. The Advisory Committee Notes to the 1993 Amendments to the Federal Rules of Civil Procedure state that "the waiver-of-service provision [of Rule 4(d) ] is ... inapplicable to actions against governments subject to service pursuant to [subdivision 4(j) ]." *See* Rule 4(j), Fed.R.Civ.P. advisory committee's notes. Plaintiff therefore cannot recover the costs for service on the District.

Plaintiffs also seek to recover costs and fees from the individual defendants, ... who have been sued in both their individu-

al and official capacities.... Individuals ordinarily are subject to service pursuant to Rule 4(e) of the Federal Rules of Civil Procedure and therefore are subject to the waiver of service requirements of Rule 4(d). The individual defendants argue that as employees of a municipal corporation they are subject to service under Rule 4(j)(2) of the Federal Rules of Civil Procedure rather than under Rule 4(e). Rule 4(j) of the Federal Rules of Civil Procedure, however, extends only to states, municipal corporations, or other government organizations. The Rule does not mention individuals, even those employed by a municipal corporation. Consequently, the individual defendants must be served pursuant to Rule 4(e) of the Federal Rules of Civil Procedure, which makes the waiver of service requirements in Rule 4(d)(2) of the Federal Rules of Civil Procedure applicable to them.

Under Rule 4(d)(2) of the Federal Rules of Civil Procedure "the court shall impose the costs subsequently incurred in effecting service unless good cause for the failure be shown." Rule (4)(d)(2), Fed. R.Civ.P. The Rule, by its terms, is mandatory absent a showing of good cause. The Court finds that there is good cause for the failure to waive service in this case because there appears to be no authority within this Circuit, or any other, that addresses waiver of service by employees of a municipal corporation. The individual defendants apparently believed that Rule 4(j)(2) of the Federal Rules of Civil Procedure governed service on them. This is not an unreasonable reliance, especially given the lack of case law regarding waiver of service by employees of municipal corporations. For the future, however, defendants are on notice that municipal government employees are subject to Rule 4(d)(2) of the Federal Rules of Civil Procedure when sued in both their individual and official capacities. While the lack of notice constitutes good cause in this case, it will not constitute good cause in the future. *Cf. Dong v. Smithsonian Inst.,* 943 F.Supp. 69, 73 (D.D.C.1996) (once appellate court specifically held "that the Smithsonian fits within the definition of 'agency' in FOIA ... the

284

Defendant could no longer reasonably conclude that it was exempt...").

In the absence of any binding Eighth Circuit precedent, I find that the *Whatley* court's decision provides a reasonable solution. While defendants McPhillips, Dempsey and Taylor were subject to service as individuals under Rule 4(e), their reliance on the applicability of Rule 4(j)(2) was not unreasonable under the circumstances. I shall, therefore, deny plaintiff's motions for costs in this instance. For purposes of future cases, defendants are on notice that municipal employees are subject to Rule 4(d)(2) when sued in an individual capacity.

IT IS ORDERED:

1. Plaintiff's motions pursuant to Fed. R.Civ.P. 4(d) to impose costs on defendants McPhillips (# 44), Dempsey (# 46), and Taylor (# 48) are denied.

2. Defense counsel shall take suitable steps to assure that the appropriate members of the Douglas County Attorney's Office are advised of this ruling. All departments and agencies of Douglas County, Nebraska represented by the Douglas County Attorney's Office are deemed also to be on notice of this ruling.